FILED
SUPERIOR COURT
OF GUAM

2014 AUG 22 AM 11: 36

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>v.<br><br>VINCENT PETER CAMACHO,<br><br>Defendant. | CASE NO. CF0022-09<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on August 7, 2014 on Defendant Vincent Peter Camacho ("Defendant's) Motion for Judgment of Acquittal, or in the Alternative, New Trial. Attorney Stephen P. Hattori represented the Defendant, who was present. Assistant Attorney General Elizabeth S. Vasiliades represented the Government. Having reviewed the pleadings, the arguments therein, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

Jury selection and trial in this matter commenced on April 22, 2014. On May 2, 2014, the jury returned a verdict finding Defendant guilty of the following charges: (1) First Degree Criminal Sexual Conduct; (2) Second Degree Criminal Sexual Conduct; (3) Child Abuse; (4) First Degree Criminal Sexual Conduct; (5) Second Degree Criminal Sexual Conduct; (6) Terrorizing; (7) Child Abuse; (8) Second Degree Criminal Sexual Conduct - Count One; (9) Second Degree Criminal Sexual Conduct – Count Two. (*See* Verdict Forms 1-9, May 2, 2012). The Court set sentencing for August 7, 2014.

ORIGINAL

On May 7, the Court received Defendant's Motion for Judgment of Acquittal, or in the Alternative, New Trial. The Government filed its opposition on May 16, 2014.

The Defendant's Motion was not heard until August 7, 2014, the day of sentencing. At that hearing, the Court continued the sentencing to August 21, 2014, and took Defendant's Motion under advisement.

## DISCUSSION

Guam law provides that, "[t]he court on motion of a defendant or on its own motion shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment . . . after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." 8 GCA § 100.10 (2005). "The trial court determines whether a motion for judgment of acquittal should be granted applying the same test used when the sufficiency of the evidence is challenged." *People v. George*, 2012 Guam 22 ¶ 49 (*citing Tennesen*, 2009 Guam 3 ¶ 4).

In the present case, Defendant moves for judgment of acquittal following a guilty verdict returned by the jury. Guam law provides for when such motion is made as follows:

> If a jury returns a verdict of guilty . . . a motion for judgment of acquittal may be made or renewed within seven days after the jury is discharged or within such further time as the court may fix during the seven-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

8 GCA § 100.30. "Each conviction is reviewed to make a determination of the sufficiency of the evidence." *Enriquez*, 2014 Guam 11 at ¶ 13. "The determination is based on whether the essential elements of the crime could have been found beyond a reasonable doubt. *Id*.

Here, the Court received Defendant's motion on May 7, 2014, within the required seven days after the jury was discharged. Accordingly, Defendant's motion is properly before the Court. First, Defendant argues that there was no evidence that a jury could reasonably rely upon to establish that there was penetration. (Def.'s Motion for Judgment of Acquittal & Mot. for New Trial ("Mot.") at 4, Aug. 7, 2014). Defendant points out that although both witnesses

said that they were touched, neither witness testified that the contact occurred underneath the clothing, nor did either witness indicate that there was digital penetration. *Id.* Additionally, Defendant argues that the Healing Hearts examination supported the reasonable conclusion that there was no penetration. *Id.* Defendant highlights the fact that the expert testified that it could neither confirm nor negate sexual abuse. *Id.* Next, Defendant argues that the jury was bound to adopt the inference that points to innocence, i.e., that there was no penetration. Finally, Defendant points out that the older victim, K.M.Q., admitted that she never saw Defendant touch her younger sister. *Id.* For those reasons, Defendant maintains that the evidence in the record cannot reasonably support a finding of guilt beyond a reasonable doubt, and as a result the Court should grant the Motion for Judgment of Acquittal as to the First Degree Criminal Sexual Conduct charges. *Id.*

Secondly, Defendant argues that the testimonies of the complaining witnesses were riddled with inconsistencies about whether there was even sexual contact. *Id.* at 4-5. Defendant contends that the first complaining witness, K.A.F., changed her story each time she ran into a wall. *Id.* at 5. With regard to K.M.Q., Defendant underscores the fact that K.M.Q. has admitted to lying repeatedly. *Id.* For those reasons, Defendant maintains that since there was no corroborating evidence, the testimonies of the complaining witnesses could not be believed beyond a reasonable doubt.

The Government opposes and first points out that the Court had previously decided to deny Defendant's motion for judgment of acquittal after the [Government] rested its case, finding that sufficient evidence was presented to support each of the charges beyond a reasonable doubt. (People's Opposition to Motion for Judgment of Acquittal or New Trial ("Opp'n Mot.") at 2, May 16, 2014). Next, the Government argues that under 9 GCA § 25.40, the victim's testimony is enough to sustain a conviction for First Degree Criminal Sexual Conduct and Second Degree Criminal Sexual Conduct. *Id.* To that end, the Government contends that in addition to the testimony of all three victims at trial, corroborating evidence was also presented by: Healing Hearts Crisis Center personnel; two of the victims' mother regarding the timeframe of the alleged incidents; two police officers; the investigator at the Attorney General's office; and Lourdes Cruz, Aunt to all three victims. *Id.* Next, the

Government refutes Defendant's argument that there was no evidence of penetration as Ann Rios ("Rios") testified that both girls were seen based on allegations of digital penetration by Defendant, and that the pain described by K.M.Q. would likely have been caused by a touching inside the labia majora on a pre-pubescent girl. *Id.* The Government directs the Court to *People v. Enriquez*, 2014 Guam 11, which affirmed the sufficiency of evidence for a First Degree Criminal Sexual Conduct conviction where victim did not testify directly to penetration but corroborating evidence of the Healing Hearts Crisis Center indicated that the pain alleged was likely from a touching inside the pre-pubescent vagina. *Id.*

With regard to the credibility of the witnesses, the Government contends that the jury heard all the testimony and was the best judge of a witness' credibility. *Id.* The Government asserts that so long as the Defendant was able to cross-examine the witnesses about the alleged inconsistencies, the Defendant's Confrontation Clause rights are satisfied and the jury could decide whom to believe. *Id.* Next, the Government points out that multiple jury instructions were given to the jury regarding witness testimony and discrepancies in testimony, etc. *Id.* Lastly, the Government cites to *United States v. Truman*, 688 F.3d 129, 139 (2nd Cir. 2012) for the proposition that assessing a witness' credibility is the province of a jury properly instructed. *Id.*

The Guam Supreme Court's decision in *People v. Enriquez*, 2014 Guam 11, provides guidance in cases such as this, where there is a dispute over whether there was sufficient evidence of penetration to support a conviction of First Degree Criminal Sexual Conduct. In that case Enriquez, was convicted of both First Degree Criminal Sexual Conduct ("CSC") and Second Degree CSC. The victim testified that Enriquez "placed his hand under her clothes and touched her vagina." *Enriquez*, 2014 Guam 11 ¶ 5. During the trial, the victim stated that Enriquez "just touched" her vagina. *Id.* However, when the victim was taken to the Healing Hearts Crisis Center two days after the incident, the victim demonstrated that "while Enriquez was touching her vagina, he moved his fingers back and forth in a rubbing motion." *Id.* When the victim met with Dr. Ellen Bez, she "explained the back and forth rubbing motion on her labia and stated that she felt pain while her vagina was being touched." *Id.* at ¶ 8. Dr. Bez conducted a physical examination and noted redness on the inside of the victim's labia. *Id.*

However, the finding for the cause of the redness was non-specific, meaning Dr. Bez could not determine whether Enriquez's fingers were the source. *Id.*

Title 9 GCA § 25.15 sates, "A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with the victim and . . . the victim is under fourteen (14) years of age." 9 GCA § 25.15(a)(1) (2005). Sexual penetration is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." 9 GCA § 25.10(a)(9) (2005). "The breach of any part of the vagina, including the labia majora, is sufficient to constitute penetration." *Enriquez*, 2014 Guam 11 ¶ 15. Enriquez argued that without a showing of the element of penetration, the First Degree CSC conviction was not supported by the evidence.

The Supreme Court disagreed and affirmed Enriquez's conviction. It held that "[w]hile evidence of sexual penetration must be present, there are no magic words that need to be stated at trial. (emphasis added). The element of penetration may be inferred based on the totality of evidence." *Id.* at ¶ 19. Furthermore, the Court recognized that in many jurisdictions, sexual penetration may be inferred when the victim experiences pain as a result of the sexual touching." *Id.* at ¶ 20. (internal citations omitted). The Court ultimately determined that the "testimony of [the victim] and Dr. Bez describing the incident coupled with the associated pain during the touching provides evidence of penetration." *Id.* at ¶ 22. Accordingly, the Court held that "[u]pon review of the evidence, it is apparent that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

In the present case, K.M.Q. (age 8), testified that the Defendant touched "where [her] private spot's at," and, further, that it made her feel "uncomfortable." (Testimony of K.M.Q., Digital Recording at 2:56:28-2:57:16, Apr. 25, 2014). While interviewing K.M.Q., Social Worker Leticia Piper noted K.M.Q.'s response when asked how her clothes moved during the touching as follows: "From side to side. His hand went in. He did like that (showing her hand go in from the top of her jean skirt)". (Report of Leticia Piper; Ex. 17a). Additionally, Rios, who was certified as an expert in sex assault nurse examination testified that K.M.Q. "elicited that there was pain, so with there being pain, there is a possible injury." (Testimony of Ann

Rios, Digital Recording at 2:15:34, Apr. 29, 2014). Rios ultimately concluded that her "physical findings cannot confirm nor negate sexual abuse." *Id.* at 3:05:20. However, Rios also testified that "little kids heal so fast so it's hard to tell if there was an injury." *Id.* at 2:28:33. Furthermore, Rios testified that in "85-96% [of cases] there are no findings, but that does not mean [an injury] did not happen." *Id.* at 2:19:55. In sum, there was evidence of how the touching occurred and, further, that there was pain as a result. Viewing the evidence in a light most favorable to Government, along with the Supreme Court's decision in *Enriquez*, it was not unreasonable for the jury to conclude from a finding of guilt that the pain was a result of penetration. Thus, the Court denies Defendant's Motion for Judgment of Acquittal as to the Fourth Charge in the Indictment of First Degree CSC.

With regard to K.Q.Q (age 4), testimony was elicited that she knew the difference between a "good touch" and a "bad touch." (Testimony of K.Q.Q., Digital Recording at 4:02:04. Apr. 25, 2014). K.Q.Q. testified that Defendant did a "bad touch." *Id.* at 4:02:35. However, K.Q.Q. further testified that the touching was *outside* of her clothes. *Id.* at 4:06:22. Rios testified that she conducted an examination on K.Q.Q. and, like K.M.Q., there were no physical findings and Rios could not confirm nor negate sexual abuse. (Testimony of Ann Rios, Digital Recording at 3:05:20, Apr. 29, 2014). The Court recognizes that with respect to K.Q.Q., there was no direct evidence of penetration nor was there any testimony of pain as a result of the touching, which took place outside of K.Q.Q.'s clothes. Thus, the facts pertaining to K.Q.Q. are distinguishable from the facts in *Enriquez*. Additionally, Rios testified that K.Q.Q.'s allegations were based on what K.M.Q. herself had alleged happened to K.Q.Q.. Viewing the evidence in a light most favorable to the Government, the Court finds that the evidence was insufficient to conclude that penetration occurred with respect to K.Q.Q.. On that basis the Court will grant Defendant's Motion for Judgment of Acquittal with as to the First Charge of First Degree CSC in the Superseding Indictment.

Defendant also urges the Court to grant its motion for judgment of acquittal arguing that the testimony of the complaining witnesses were riddled with inconsistencies about whether there was even sexual contact at all. (Mot. at 4-5). Specifically, Defendant takes issue with the testimony of K.A.F relative to the specifics of her allegations against the Defendant. *Id.* at 5.

Defendant also disputes K.M.Q.'s testimony and points out that K.M.Q. admitted to making up lies and being worried that no one would believe her. *Id.* Additionally, Defendant identifies that K.M.Q. admitted that she never saw Defendant touching K.Q.Q.. *Id.* Next, Defendant takes issue with K.M.Q.'s inconsistencies in explaining how many times the alleged touching took place and the existence of a bloody panty. *Id.* at 6. Lastly, Defendant disputes K.Q.Q.'s allegations, arguing that K.Q.Q. is only making the allegations because she has heard time and time again how K.M.Q. saw her get touched. *Id.* Defendant questions whether K.Q.Q. was testifying based on her own recollection or merely from what K.M.Q. claimed happened to her. *Id.* Based on the inconsistencies in the testimony, Defendant maintains that the jury could not have found that the Government proved its case beyond a reasonable doubt.

The Government opposes and first argues that the jury heard all of the testimony and remains the best judge of witness credibility based on the testimony itself, the way the witnesses testified, the demeanor of the witnesses, and the specific facts of the case. (Opp'n Mot. at 2-3). Secondly, the Government contends that so long as the Defendant was able to cross-examine the witnesses about the alleged inconsistences, the Defendant's Confrontation Clause right is satisfied and the trier of fact (the jury) can decide whom to believe or disbelieve. *Id.* at 3.

The Court agrees with the Government. In *People v. Chin Song*, 2012 Guam 21, at ¶ 29, the Supreme Court stated that "[i]t is not the province of the court, in determining [a motion for a judgment of acquittal], to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *People v. Chin Song*, 2012 Guam 21, ¶29. (internal citations omitted). "When ruling on a motion for judgment of acquittal, the trial court is concerned with the existence or nonexistence of evidence, not its weight . . . ." *Id.* (citing *State v. Elmore*, 628 S.E. 2d 271, 273 (S.C.Ct.App.2006).

In the present case, Defendant took the opportunity to cross-examine the witnesses on the perceived inconsistent testimonies elicited throughout trial. The jury was able to hear the responses and ultimately decide for themselves which portions of the witness' testimony they found to be credible. The Court also instructed the Jury on how to approach witness credibility and discrepancies in testimony. As the Jury was able to weigh the evidence, the Court will not

*People v. Camacho*
Case No. CF0022-09
Decision and Order

disturb the Jury's verdict on the basis of inconsistencies in testimony. The Court has already Granted Defendant's Motion for Judgment of Acquittal as to the First Charge, and Denied Defendant's Motion for Judgment of Acquittal as to the Fourth Charge in the Superseding Indictment. Thus, Defendant's arguments regarding inconsistencies in testimony will apply to all of the remaining charges. However, for the foregoing reasons, primarily, that it is the Jury, instead of the Court, that is to weigh the evidence, the Court will deny Defendant's Motion as to the remaining charges on that basis.

Finally, Defendant argues, in the alternative, for a new trial. Guam law provides that "the court on motion of a defendant may grant a new trial to him if required in the interests of justice." 8 GCA § 110.30(a). "Under section 110.30(a), a trial court's discretion to grant a new trial is 'much broader than its power to grant a motion for judgment of acquittal." *People v. Leslie*, 2011 Guam 23 ¶ 15 (citing *United States v. Alston*, 974 F.2d 1206, 1212 (9th Cir. 1992)). "The trial court 'need not view the evidence in the light most favorable to the verdict.'" *Id.* (citing *People v. Quinata*, 1999 Guam 6 ¶ 18). "Instead, the trial court may 'weigh the evidence and in doing so evaluate for itself the credibility of witnesses." *Leslie*, 2011 Guam 23 ¶ 15 (citing *Alston*, 974 F.2d 1211). "Specifically, '[a] trial court may set aside a verdict, grant a new trial, or submit the issues for determination by another jury if it concludes that the evidence preponderates sufficiently heavily against the verdict that a miscarriage of justice may have occurred.'" *Id.* (citing *Quinata*, 1999 Guam 6 ¶ 16). "Although trial courts may grant new trials, motions for a new trial based on the weight of the evidence are not favored." *Id.* (citing *United States v. Cox*, 995 F.2d 1041, 1043 (11th Cir. 1993)). "Courts are to grant [motions for a new trial] sparingly and with caution, doing so only in those really 'exceptional cases.'" *Id.* (quoting *United States v. Martinez*, 763 F.2d 1297 at 1312-13).

Defendant identifies that the Court admitted the Healing Hearts report which contained many statements by K.M.Q, which she admitted were not true. (Mot. at 7). Next, Defendant points out that at the time the Healing Hearts report was admitted, K.M.Q had not yet testified and it was not known at the time that K.M.Q would admit that she lied about seeing her sister

K.Q.Q. examined[1]. *Id.* On that basis, Defendant contends that the interests of justice require the granting of a new trial. *Id.* The Government argues that K.M.Q.'s statement to Healing Hearts about what she observed Defendant do to K.Q.Q goes merely to the credibility of K.M.Q as a witness. (Opp'n Mot. at 3-4).

The Court agrees with the Government. Although Defendant is correct in that the report was admitted prior to K.M.Q. testifying, and prior to the Defendant knowing that K.M.Q would admit that she did not actually see Defendant touch her sister, the Defendant cross-examined the witness about that. (*See* Testimony of K.M.Q., Digital Recording at 3:06:41, Apr. 25, 2014). To grant a new trial would be to conclude that the jury had already made its determination of guilt when the Healing Hearts report was admitted. The Court declines to make such a conclusion. After the report was admitted, Defendant cross-examined K.M.Q on whether or not she did actually see Defendant touch K.Q.Q., and K.M.Q. answered in the negative. Therefore, given the responses during cross-examination, the jury was able to weigh K.M.Q.'s statement in the report and her statement on the stand, and ultimately pass upon the credibility of K.M.Q as a witness. As such, the Court finds that the Healing Hearts report being admitted prior to K.M.Q.'s testimony did not preponderate sufficiently heavily against the verdict that a miscarriage of justice may have occurred. For those reasons, the Court denies Defendant's Motion for a New Trial.

//
//
//
//
//
//
//
//

---

[1] The Court is unsure if by "examined" Defendant meant "touched." As K.M.Q. testified that she didn't actually "see" the Defendant touch K.Q.Q., the Court will infer that Defendant meant the latter.

*People v. Camacho*
Case No. CF0022-09
Decision and Order

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Judgment of Acquittal only as to the First Charge of First Degree CSC. The Court DENIES Defendant's Motion for Judgment of Acquittal as to the remaining charges. The Court also DENIES Defendant's Alternative Motion for a New Trial.

**IT IS SO ORDERED** this 22nd day of August, 2014.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the Original hereto was placed in the court box of:

AG, APD

Date: 8/22/14 Time:

Deputy Clerk, Superior Court of Guam

*People v. Camacho*
Case No. CF0022-09
Decision and Order